Electronically Filed - Jackson - Independence - March 14, 2022 - 10:07 AM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE

| | | |
|---|---|---|
| DARREN P. HUKE, | ) | |
| 39905 E. JW Cummings Road | ) | |
| Oak Grove, Missouri 64075 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| CHRISTIAN O. OBIESIE, | ) | |
| 807 SW Mill Street #202 | ) | |
| Lee's Summit, MO 64081 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CHRISCOM LIMITED LIABILITY | ) | |
| COMPANY, | ) | |
| Serve:  Registered Agent | ) | |
|        Christian Obiesie | ) | |
|        807 SW Mill Street #202 | ) | |
|        Lee's Summit, MO. 64081 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OZEC AUTOS LIMITED LIABILITY | ) | |
| COMPANY, | ) | |
| Serve: Registered Agent | ) | |
|        Daniel Obiesie | ) | |
|        3112 S. 170th Street | ) | |
|        Kansas City, MO. 64106 | ) | |
| | ) | |
| Defendants. | ) | |

PETITION FOR DAMAGES

COMES NOW Plaintiff, Darren P. Huke, and for his bodily injury and related damage claim

against Defendants, alleges and states as follows:

**EXHIBIT A**

1.     At all times relevant herein, and on June 15, 2017, Plaintiff is and was a resident and citizen of Jackson County, Missouri as are all Defendants. Venue is proper in this Court pursuant to Missouri Revised Statute §508.010.

2.     On June 15, 2017, at approximately 3:59 PM, Darren Huke, was lawfully operating a 2000 Buick La Sabre Eastbound on Northwest Oldham Parkway in Lee's Summit, Eastern Jackson County, Missouri.

3.     At the aforesaid time and place, Defendant, Christian O. Obiesie, was carelessly, negligently and recklessly operating a 2002 Toyota Sienna (owned and/or leased by Defendants), Westbound on Northwest Oldham Parkway when Defendant Obiesie failed to yield the right of way to Plaintiff and pulled out in front of Plaintiff's motor vehicle causing a collision between the two (2) vehicles. (See Plaintiff's Exhibit 1 attached hereto and incorporated by reference and for identification purposes). As a direct and proximate result of said motor vehicle wreck and collision, Plaintiff, Darren Huke, suffered severe, painful, progressive and permanent injuries.

4.     On June 15, 2017, and at all times relevant herein, Defendant, CHRISCOM, LLC was formed and/or organized by Christian O. Obiesie (See Plaintiff's Exhibit 3, attached hereto and incorporated by reference). At the time of the subject motor vehicle wreck, Defendant Christian O. Obiesie was acting within the scope and course of his agency and/or employment with Defendant CHRISCOM, LLC. At all times and places relevant, and on June 15, 2017, Defendant CHRISCOM, LLC controlled and/or had the right to control the conduct and driving of Defendant Christian O. Obiesie rendering that Limited Liability Company liable for his carelessness and negligence as pled herein.

5.      On June 15, 2017, and at all times relevant herein, Defendant OZEC AUTOS, LLC was formed and organized by Christian O. Obiesie. (See Plaintiff's Exhibit 3, attached hereto and incorporated by reference).  At the time of the subject motor vehicle wreck, Defendant Christian O. Obiesie was acting within the scope and course of his agency and/or employment with Defendant OZEC AUTOS, LLC. At all times relevant herein, and on June 15, 2017, Defendant OZEC AUTOS, LLC, controlled and/or had the right to control the conduct and driving of Defendant Christian O. Obiesie rendering that Limited Liability Company liable for his carelessness and negligence as pled herein.

6.      At all times and places relevant herein, and on June 15, 2017, and at the time of the subject motor vehicle wreck, Defendants CHRISCOM, LLC and OZEC AUTOS, LLC controlled and/or had the right to control the conduct of Defendant Christian O. Obiesie, making said Defendants liable for the careless and negligent conduct of Defendant Christian O. Obiesie and for Plaintiff's resulting injuries and damages all as pled herein. According to the Articles of Organization of Defendant, CHRISCOM, LLC, was organized for online auto sales and shipment and Defendant, OZEC AUTOS, LLC was organized for auto sales and shipping and repairs. Said Defendants owned and/or leased the accident vehicle and provided and entrusted the 2002 Toyota Sierra to Defendant Christian O. Obiesie at all times and places relevant herein.

7.      At all times and places relevant herein, and on June 15, 2017, Defendants were careless, negligent, reckless and at fault in causing or contributing to cause the subject motor vehicle collision and Plaintiff, Darren Huke's resulting injuries and damages in the following respects, to-wit:

    a.   Defendants failed to keep a careful lookout for the
         roadway and for the motor vehicle Darren Huke was

3

driving thereby resulting in Defendant Obiesie not seeing Darren Huke's vehicle and failing to yield the right away by turning left in front of him;

b.  Defendants knew or by the use of the highest degree of care could have known, that there was a reasonable likelihood of collision in time thereafter to have stopped, swerved, slackened his speed, sounded a warning, slackened his speed and sounded a warning, or swerved and sounded a warning, but Defendants failed to do so timely or otherwise;

c.  Defendants failed to keep the motor vehicle Defendant, Obiesie was operating under proper control and in his lane of travel and thereby caused a collision with Plaintiff's motor vehicle;

d.  Defendants failed to lawfully or otherwise slow and/or stop the motor vehicle prior to the collision with Plaintiff's vehicle;

e.  Defendants drove at a speed which made it impossible to slow and/or stop within the range of Defendant Obiesie's visibility and/or before turning in front of Plaintiff's motor vehicle;

f.  Defendants failed to take timely and/or appropriate evasive action prior to the collision with Plaintiff's motor vehicle by continuing to turn left in front of Plaintiff's motor vehicle causing the subject motor vehicle collision;

g.  Defendants were operating their motor vehicle in a careless and imprudent manner in violation of Missouri law, and specifically, Missouri Revised Statutes §304.010, §304.012, §304.014, §304.015 and §301.020 (see Plaintiff's Exhibit 2, attached hereto and incorporated by reference), constituting negligence per se;

h.  Defendants failed to yield the right of way to the vehicle Darren Huke was driving in violation of Missouri Revised Statute §304.351 and Lee's Summit City Ordinance 0-126N200054, constituting negligence per se (see Plaintiff's Exhibit 2, attached hereto and incorporated by reference);

4

i.   Defendants drove at a speed which made it impossible for Defendants to stop within the range of Defendant Obiesie's visibility resulting in Defendant not timely seeing Plaintiff and turning in front of Plaintiff's motor vehicle causing the subject motor vehicle collision;

j.   Defendants operated their motor vehicle in a careless and imprudent manner involving an accident with Plaintiff in violation of Missouri law, and specifically, §304.012, §304.014 and §304.015 constituting negligence per se;

k.   Defendants endangered the lives of Darren Huke and the traveling public by driving in a careless and imprudent manner in violation of Missouri Revised Statutes §304.012 and §304.014 and as pled herein, constituting negligence per se;

l.   Defendants failed to timely slow down or timely brake so as to avoid a collision with Plaintiff's vehicle;

m.   Defendant Obiesie pled guilty to violating Lee's Summit City Ordinance of 0-289N200054 and violated Missouri Revised Statute §307.170 by operating the vehicle with defective equipment and brakes, constituting negligence per se (see Plaintiff's Exhibit 2, attached hereto and incorporated by reference),;

n.   Defendants pled guilty to making an improper turn in front of Plaintiff's vehicle and operating a motor vehicle with defective equipment in violation of Lee's Summit City Ordinance 0-15N200054 constituting negligence per se;

o.   Defendants entered the intersection when it was not safe to do so and Defendants made an illegal and improper left turn in front of Plaintiff's vehicle in violation of Lee's Summit City Ordinance 0-159N200054, constituting negligence per se;

p.   Defendants operated their motor vehicle with defective equipment in violation of Missouri Revised Statute §307.170 and Lee's Summit City Ordinance 0-159N200054, constituting negligence per se;

5

Electronically Filed - Jackson - Independence - March 14, 2022 - 10:07 AM

q.   Defendant Obiesie pled guilty to failing to yield to the
     right of way to Plaintiff's motor vehicle in violation of
     Missouri Revised Statute §307.170 constituting
     negligence per se;

r.   Defendants caused a collision with Plaintiff's motor
     vehicle when Defendant Obiesie improperly turned left in
     front of Plaintiff's motor vehicle and failed to yield the
     right away in violation of the statutes and city ordinance
     cited herein;

s.   Defendants drove too fast for conditions and failed to
     yield the right away of the Plaintiff's motor vehicle
     causing a collision;

t.   Defendants failed to exercise the highest degree of care as pled
     herein when Defendants failed to timely see Plaintiff's motor
     vehicle and turned left in front of Plaintiff's motor vehicle and
     failed to yield to the right away;

u.   Defendant Obiesie operated Defendants' motor vehicle while
     impaired and distracted;

v.   Defendants illegally turned in front of Plaintiff's motor vehicle
     causing a collision in violation of the statutes and city ordinance
     cited herein, constituting negligence per se;

w.   Defendant Obiesie never looked before improperly turning left in
     front of Plaintiff's motor vehicle causing a collision;

x.   Defendants failed to see Plaintiff's motor vehicle before and after
     improperly turning left in front of Plaintiff causing a collision;

y.   Defendant violated Lee's Summit City Ordinance 0-126N20054,
     by making an illegal/improper turn in front of Plaintiff's motor
     vehicle and in failing to register their motor vehicle in violation of
     Lee's Summit City Ordinance 0-289N200054, constituting
     negligence per se;

z.   Defendants failed to observe and comply with the rules of
     the road as pled herein and in violation of Missouri
     Revised Statute §304.014 constituting negligence per se;

6

8. At all times and places relevant herein, Defendant Christian O. Obiesie, was acting within the scope of his agency and/or employment with Defendants, CHRISCOM, LLC and OZEC AUTOS, LLC, rendering said Defendants liable to Plaintiff for Defendants' joint and concurrent negligence, carelessness and fault for causing and/or contributing to cause the June 15, 2017 motor vehicle wreck and Plaintiff's resulting injuries and damages, as pled herein. All Defendants involved were on a joint venture, as each controlled and/or had the right to control each other's conduct for the benefit of each other. Defendants had a duty to protect Plaintiff and the general public to not cause a motor vehicle wreck and injuries and damages. Defendants breached that duty by causing the subject motor vehicle wreck as pled herein.

9. As a direct and proximate result of the aforesaid carelessness and negligence of Defendants, Plaintiff Darren Huke, sustained permanent, progressive and painful injuries and damages to his head, neck, back, left shoulder, left arm and left knee. He has been caused to undergo medical treatment and he will be required to undergo continued medical treatment in the future and he has incurred expenses in connection therewith and will continue to incur expenses in connection therewith in the future. All of the aforesaid injuries are permanent except for those of a superficial nature.

10. Plaintiff, Darren Huke, prays for actual damages that are fair and reasonable against Defendants as and for his bodily injuries and related damages.

11. Pursuant to Missouri Revised Statute §408.040 and on June 15, 2017, Defendants and Defendants' accident vehicle were insured by Nationwide Insurance Company for Defendants' liability in causing the subject motor vehicle wreck and Plaintiff's resulting injuries and damages.

7

12.     On January 25, 2022, Plaintiff Darren Huke, sent his Missouri Revised Statute §408.040 written Settlement Offer and Prejudgment Interest Affidavit to Christian O. Obiesie and his attorney and representative Russ Watters at Brown and James and Nationwide, his liability insurance company and  made an offer to settle his injury claim against Defendant Christian O. Obiesie for $500,000.  The offer was in writing and sent by certified mail return receipt requested and left open for ninety (90) days after receipt as required by §408.040 and Missouri law.

13.     Plaintiff, Darren Huke sent his readily available medical records and list of health care providers and addresses along with a medical authorization with his Prejudgment Interest Affidavit and Settlement Offer along with a medical authorization.

14.     For purposes of Plaintiff Darren Huke's Prejudgment Interest Affidavit and Settlement Offer no claim was made for lost income.

15.     Christian O. Obiesie received said Prejudgment Interest Affidavit and Settlement Offer on January 27, 2022.

16.     Nationwide Insurance Company received said Prejudgment Interest Affidavit and Settlement Offer on January 31, 2022.

17.     Attorney and representative Russ Watters received said Prejudgment Interest Affidavit and Settlement Offer on January 28, 2022.

18.     Plaintiff, Darren Huke believes his injury claim is worth more than his offer to settle.

19.     Plaintiff, Darren Huke prays for prejudgment interest and post-judgment interest against Defendants pursuant to Missouri Revised Statute §408.040 and requests the Court to

8

determine the amount of prejudgment interest owed Plaintiff after the judgment is entered in this case pursuant to Missouri Revised Statute §408.040 and to set the post judgement interest rate.

WHEREFORE, Plaintiff, Darren Huke, prays for a judgment against Defendants for fair and reasonable actual damages together with his costs herein incurred including all deposition costs and expenses pursuant to Missouri Revised Statute §492.590, for prejudgment and post judgment interest at the lawful rate per annum pursuant to Missouri Revised Statute §408.040 and for such other and further relief as the Court shall deem just and proper under the facts and circumstances.

/s/Andrew J. Gelbach
ANDREW J. GELBACH        #26003
Professional Corporation
Attorneys at Law
109 East Market Street
Post Office Box 375
Warrensburg, MO 64093
Telephone: (660) 747-5138
Facsimile: (660) 747-8198
Email: agelbach@gelbachlaw.com

and

/s/ Jonathan Lourenco
JONATHAN LOURENCO        #40492
322 NE Tudor Road
Lee's Summit, MO. 64086
Phone: 816-524-5030
Email: jonlawoffice@gmail.com

ATTORNEYS FOR PLAINTIFF

9